UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION


JAMES WHITE, on behalf of himself                     CASE NO.:  5:16-cv-00096-JSM-PRL
and those similarly situated,
                Plaintiff,

vs.

SWAMPY'S BAR & GRILLE
DUNNELLON, LLC, and CARLOS
SANCHEZ, individually,

                Defendants.
_____/

## DEFENDANT'S AMENDED MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW

Defendant, SWAMPY'S BAR & GRILLE DUNNELLON, LLC a Florida Limited Liability Company (hereinafter "SWAMPY'S"), by and through its undersigned counsel and pursuant to *Fed. R. Civ. P. 56*, hereby files this it's Motion for Summary Judgment and in support thereof would show:

## UNDISPUTED MATERIAL FACTS

Defendant, SWAMPY'S at all times material hereto, owned and operated a restaurant/bar in Dunnellon, Marion County, Florida.

Plaintiff, JAMES WHITE (hereinafter "WHITE") worked for SWAMPY'S from approximately April 1, 2014 through November 30, 2015 as a bartender and waiter.   *See deposition transcript of James White, page 13, line 2 – 6, attached hereto as Exhibit "A".*

WHITE has filed a two-count complaint alleging that SWAMPY's didn't properly pay him hourly wages or overtime wages in violation of the FLSA.  WHITE has alleged that SWAMPY'S

violated the FLSA by allowing a non-eligible employee to participate in a tip pool thereby rendering the tip pool invalid and causing WHITE to sustain economic harm.

In spite of his allegations, WHITE was paid the required Federal minimum and overtime wages throughout his tenure with SWAMPY'S when his hourly wage and tips were factored in. WHITE also reported and kept all of the tips that he generated from his work. *See payroll summary for WHITE which was served pursuant to the Courts Scheduling order dated May 16, 2016 attached hereto as Exhibit "B."*

SWAMPY'S utilized a tip pool whereby tips generated by wait staff were pooled together in order to compensate customarily tipped employees who did not receive tips directly from SWAMPY'S patrons.

WHITE participated in this tip pool, received tip share from it, but never contributed any of his own money to the pool even though by his own admission he waited tables, tended bar and received tips directly from customers that he kept for himself. *See deposition transcript of James White, page 13, lines 2 – 6, page 22, lines 11 – 15, attached hereto as Exhibit "A", and Amended Affidavit of Laurie Tilelli, SWAMPY'S Chief Administrative Officer attached hereto as exhibit "C."*

Normally, SWAMPY'S wait staff contribute 3 percent of their gross sales to the tip pool. SWAMPY'S did not require WHITE to do this even though by his own admission he waited tables. WHITE generated $68,194.23 in gross sales during his employment with SWAMPY'S. Had he been required to contribute 3 percent of his gross sales to the tip pool like other SWAMPY'S employees who received tips directly from customers, he would have contributed $2,045.83. Instead, WHITE got to keep this money. *See Amended Affidavit of Laurie Tilelli attached hereto as Exhibit "C".*

WHITE is claiming damages as a result of an alleged ineligible employee's participation in the tip pool of $1,385.95. This alleged damages figure is less than the amount of money WHITE got to keep ($2,045.83) by not contributing a percentage of his gross sales to the pool. As a result, he suffered no economic harm whatsoever and actually sustained a windfall of $659.87. *See Amended Affidavit of Laurie Tilelli attached hereto as Exhibit "C"*.

Given the fact that WHITE has suffered no economic harm as a result of SWAMPY'S alleged FLSA tip pool violations (which SWAMPY'S denies), he does not have standing to pursue this claim and summary judgment should therefore be granted.

## MEMORANDUM OF LAW

Rule 56(a), *Fed. R. Civ. P.* states in part as follows:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

In this case, summary judgment should be granted as to all claims because WHITE, who suffered no economic harm as a result of SWAMPY'S alleged actions, has no standing to pursue his claim.

"The requirement that all parties have standing originates in the case and controversy clause of Article III." *Association of Data Processing Serv. Org., Inc. v. Camp,* 397 U.S. 150 (1970). "Stated in terms of standing, a plaintiff must allege such a personal stake in the outcome of the controversy as to warrant his invocation of Federal Court jurisdiction and to justify exercise of the Court's remedial powers on his behalf." *Warth v. Seldin,* 422 U.S. 490 (1975).

"As the Eleventh Circuit recently noted, the Federal judiciary may not reach out to decide disputes which, although they may redress social wrongs do not address an 'injury in fact' to the

plaintiff who has brought the charge before it." *Brooks v. Blue Cross and Blue Shield,* 116 F.3d 1364 (11th Cir. 1997). "To meet the constitutional standing requirement, therefore, a plaintiff must show (1) that he has suffered an actual or threatened injury, (2) that the injury is fairly traceable to the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable ruling." *Harris v. Evans,* 20 F.3d 1118, 1121 (11th Cir. 1994).

In the instant case, there are no disputed issues of material fact as to whether WHITE suffered an actual injury as a result of SWAMPY'S alleged wrong doing. He did not. WHITE waited tables, tended bar, was allowed to keep all tips he received and was not required to contribute any portion of his tips to the pool in question. As a result, he made more money ($2,045.83) than the amount he is claiming as damages ($1,385.95). Consequently, this motion for summary judgment as to all claims should be granted due to his lack of standing.

WHEREFORE, the Defendant, SWAMPY'S BAR & GRILLE DUNNELLON, LLC, respectfully requests this Honorable Court enter Summary Judgment in its favor.

I HEREBY CERTIFY that a true and exact copy of the foregoing has been furnished via CM/ECF to Matthew Ryan Gunter, Esquire, at mgunter@forthepeople.com and ceffron@forthepeople.com, on March *13*, 2017.

> BLANCHARD, MERRIAM,
> ADEL & KIRKLAND, P.A.
>
> By _____
> Edwin A. Green, III
> Florida Bar Number: 0606111
> Post Office Box 1869
> Ocala, Florida 34478
> Telephone: (352) 732-7218
> Attorneys for Defendant
> tgreen@bmaklaw.com
> lcaldwell@bmakaw.com