**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

JAMES WHITE,

    Plaintiff,

v.                                                         Case No: 5:16-cv-96-Oc-30PRL

SWAMPY'S BAR & GRILLE
DUNNELLON LLC,

    Defendant.

## SUMMARY JUDGMENT ORDER

James White sued his former employer, Swampy's Bar and Grille, for failing to pay him minimum wage and overtime. Although White was a regularly tipped employee, he claims he was entitled to minimum wage and overtime because Swampy's was ineligible to rely on the FLSA tip credit. Swampy's argues that White lacks standing because he has no economic damages. The Court concludes Swampy's is not entitled to judgment as a matter of law.

## RELEVANT FACTS

White worked as a bartender and waiter at Swampy's from April 2014 through November 2015. White was paid less than minimum wage, but that in itself was not a violation of the Fair Labor Standards Act ("FLSA") because White also received tips from customers and from a tip pool to which Swampy's waiters contributed. The tip pool was only to have been shared between customarily tipped employees, but White argues that a

janitorial employee—a non-customarily tipped employee—also received money from the tip pool, which Swampy's denies. Because of this improper distribution of the tip pool, White argues that Swampy's failure to pay him minimum wage and overtime was a violation of the FLSA. In other words, White argues Swampy's cannot rely on the tip credit when it allowed a non-customarily tipped employee to share from the tip pool.

Swampy's moved for summary judgment arguing White lacks standing because he has no economic damages for two reasons. First, Swampy's argues that White was paid minimum wage when his tips are considered. This argument, of course, assumes Swampy's is entitled to rely on the FLSA tip credit, which White disputes. Second, Swampy's argues that it never required White to contribute to the tip pool even though he occasionally worked as a waiter. Had he been asked to contribute to the tip pool, Swampy's argues White's contribution would have been $2,045.83. And since $2,045.83 is greater than the $1,385.95 White is claiming in damages, White has no actual economic damages. In fact, Swampy's argues White received a windfall.

## SUMMARY JUDGMENT STANDARD

Motions for summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted); Fed. R. Civ. P. 56(c). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248–49.

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir.1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## **DISCUSSION**

Swampy's is not entitled to summary judgment based on either of its arguments that White has no economic damages. As to the first argument—that White was paid minimum

wage when the tip credit is considered—the Court concludes there is a disputed issue of material fact. As to the second argument—that White received a windfall because the amount of money he claims is less than the amount he should have contributed to the tip pool—the Court concludes this argument does not entitle Swampy's to judgment as a matter of law.

### A. White Was Paid Minimum Wage When Tip Credit Considered

The FLSA requires employers to pay employees a minimum wage. 29 U.S.C. § 206(a). But when an employee receives tips, that wage may include the tips. 29 U.S.C. § 203(m). "That is, an employer may pay an employee a cash wage below the minimum wage so long as the employer supplements the difference with the employee's tips; this is known as an employer taking a 'tip credit.'" *Howard v. Second Chance Jai Alai LLC*, No. 5:15-CV-200-OC-PRL, 2016 WL 7180243, at *10 (M.D. Fla. Dec. 9, 2016).

An employer who wishes to use a tip credit toward an employee's minimum wage must do two things: (1) inform the employee of the section 203(m) of the FLSA, and (2) allow the employee to keep all tips they receive, except when tips are pooled "among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). Thus, "[i]f an employee is required to share tips with an employee who does not customarily and regularly receive tips, the employer may not legally take a tip credit." *Montano v. Montrose Rest. Assocs., Inc.*, 800 F.3d 186, 189 (5th Cir. 2015).

Here, Swampy's argument fails because there is a genuine issue of material fact. Swampy's claims that White was paid minimum wage when the tip credit is included in his wage calculation. But Swampy's cannot include the tip credit into its calculation

4

because there is a dispute over whether a janitorial employee—who is not customarily and regularly tipped—received money from the tip pool. *Id.* Because the parties disagree as to this material fact for which there is no record evidence, Swampy's has not shown that it is entitled to include the tip credit into the calculation of White's wages and, therefore, is not entitled to summary judgment.

### B. White's Claimed Damages Are Less Than Amount He Did Not Contribute to Tip Pool

As to the second argument, the Court concludes that Swampy's failed to show entitlement to judgment as a matter of law. Swampy's second argument is premised on an alternative scenario in which White was required to contribute "3 percent of his gross sales to the tip pool." (Doc. 35, p. 2). Had White been required to make contributions, he would have had to contribute more money into the tip pool than the amount he is now claiming.

But that is not the scenario before this Court. Swampy's did not require White to contribute into the tip pool, for whatever reason. So the amount he would have been required to contribute in the alternative scenario cannot now be used to offset his claimed damages. In short, the amount Swampy's believes White should have contributed to the tip pool had it required him to do so is irrelevant. Thus, Swampy's argument fails to establish that it is entitled to judgment as a matter of law.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Swampy's Bar & Grille Dunnellon, LLC's Amended Motion for Summary Judgment (Doc. 35) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of April, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record